**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PAVEL MOSEYCHUK,** | : | |
| **Petitioner,** | : | **CIVIL ACTION NO. 3:26-3060** |
| **v.** | : | **(JUDGE MANNION)** |
| **JESSICA SAGE,** | : | |
| **Respondent.** | : | |

**MEMORANDUM**

Pending before the Court is Pavel Moseychuk's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (**Doc. 1**). For the reasons stated herein, the petition will be **GRANTED**.

## I. BACKGROUND

Petitioner, a citizen of Ukraine, entered the United States on July 18, 2001, as a parolee for a period of one year. (Doc. 7-3 at 3). On August 1, 2002, Petitioner's I485 adjustment of status to that of a lawful permanent resident was denied. *Id.*

Petitioner has a long history of non-violent offenses involving dishonesty and DUI related activities. *Id.* Petitioner's most recent and seemingly only open arrest appeared in Erie, Pennsylvania, on July 31, 2023. *Id.* at 4; *see also* Docket, CP-25-CR-731-2023.

On July 9, 2025, the Department of Homeland Security ("DHS") detained Petitioner and served him with a Notice to Appear and Record of Deportable/Inadmissible Alien. (Docs. 7-3, 7-4, 7-5). He was subsequently charged as removable pursuant to §§237(a)(1)(C)(i) of the Immigration and Nationality Act ("INA"). (Doc. 7-4). On October 8, 2025, Immigration Judge Dennis Ryan determined that Petitioner was removable, and granted Petitioner's "application solely for voluntary departure in lieu of removal" and agreement to waive appeal from all issues, pursuant to INA §240(B)(a). (Doc. 7-6). Judge Ryan ordered that Petitioner voluntarily depart on or before November 7, 2025. *Id.* Judge Ryan included in his order that the "DHS may extend the . . . deadline to depart for [Petitioner] to resolve his criminal case." *Id.*

Petitioner is currently detained at the Federal Correctional Institution ("FCI") Lewisburg, in the Middle District of Pennsylvania, pursuant to 8 U.S.C. §1231. (Doc. 1 at 1). On April 16, 2026, Petitioner filed a previous petition for a writ of habeas corpus. (No. 3:26-CV-966, Doc. 1). At that time, Petitioner filed his petition only eight days after the presumptively reasonable six-month period had lapsed. (No. 3:26-CV-966, Doc. 9 at 8). In a supplemental memorandum, the Government detailed the efforts it made to

assist Petitioner in securing proper documentation to effectuate his removal. (No. 3:26-CV-966, Doc. 8). The Court noted:

> On October 21, 2025, a request for travel documents was sent to the Ukrainian embassy in New York. (Doc. 8-1, 1116). On November 14, 2025, the Ukrainian embassies in Washington D.C. and New York indicated that Petitioner could not be verified as a Ukrainian citizen, and that the Ukrainian embassy would not issue travel documents. *Id.*, 1117. The Department of State is currently working on approval from Ukraine to repatriate "stateless Ukrainians," including Petitioner. *Id.*, 1120. The Government avers that because of the Department's ongoing efforts to secure Petitioner's repatriation to Ukraine, and because Petitioner has alternatively been identified as a candidate for third country removal, his removal is significantly likely in the reasonably foreseeable future. *Id.*, 1122.

(Doc. 9 at 11-12). Satisfied that the Government had been maintaining efforts to ensure that Petitioner would be deported to a third country in the reasonably foreseeable future, the Court denied the petition. *Id.*

On October 14, 2026, Petitioner filed the instant, renewed petition. (Doc. 1). He argues that since the Court's July 14, 2026 Order, "there has been no change in circumstances justifying detention[.]" *Id.* at 3. On October 28, 2026, Respondent filed what appears to be a boilerplate response to the

petition. (Doc. 7). On November 9, 2026, Petitioner filed a traverse. (Doc. 8). Accordingly, the petition is now ripe for disposition.

## II. LEGAL STANDARD

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus when a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3).

Furthermore, "[i]t is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody." *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). However, "[w]ith respect to certain factual issues, the burden of proof may be shifted to the state because of specific policy considerations or because the available evidence is likely to be in the hands of the state." *Id.*

## III. DISCUSSION

### a. Jurisdiction

The Court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited in some circumstances by 8 U.S.C. §§1252(g), (b)(9), and (a)(2)(B)(ii).

Section 1252(g) states:

> Except as provided in this section and notwithstanding any other provisions of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. §1252(g). Here, the Court's jurisdiction is not barred by §1252(g) as Petitioner's claim does not challenge the commencement of removal proceedings, the Attorney General's decision to adjudicate, nor the execution of a removal order. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (finding that §1252(g) divests the court of jurisdiction "only to [these] three discrete actions[.]").

Section 1252(b)(9) states that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceedings brought to remove an alien from the United States . . . shall be available only on judicial review of a final order [of removal]." 8 U.S.C. §1252(b)(9). Here, the Court's jurisdiction is not barred by §1252(b)(9) as Petitioner does not seek review of any law or fact arising from a removal proceeding. *See E.O.H.C. v. Sec'y United States Dept. of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020)

(finding that §1252(b)(9) "does not reach claims that are independent of, or wholly collateral to, the removal process[.]").

Section 1252(a)(2)(B)(ii) prohibits district courts from reviewing discretionary detention choices of the Attorney General or Secretary of Homeland Security. 8 U.S.C. §1252(a)(2)(B)(ii). Here, the Court's jurisdiction is not barred by §1252(a)(2)(B)(ii) as Petitioner does not challenge a discretionary detention choice. *See Patel v. O'Neil*, No.3:25-CV-2185, 2025 WL 3516865, at *3 (M.D.Pa. Dec. 8, 2025) ("[S]ection 1252(a)(2)(B)(ii) is inapposite because Respondents' 'statutory detention power is "not a matter of discretion" to which §1252(a)(2)(B)(ii) applies[.]'") (internal citations omitted).

Finally, courts considering the issue of whether a petitioner is being wrongfully detained without a bond hearing "have almost universally held that they have jurisdiction," and, therefore, that §§1252(g), (b)(9), and (a)(2)(B)(ii) do not apply. *Patel*, 2025 WL 3516865, at *3.

**b. Exhaustion of administrative remedies**

"A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, No.3:25-CV-2452, 2025 WL 3772059, at *3 (M.D.Pa. Dec. 31, 2025)

(quoting *Kashranov v. Jamison*, No.2:25-CV-5555-JDW, 2025 WL 3188399, at *3 (E.D.Pa. Nov. 14, 2025)). Here, further administrative review would be pointless, as Petitioner is detained under 8 U.S.C. §1231, which precludes immigration judges from holding a bond hearing. *See Johnson v. Arteaga-Martinez*, 596 U.S. 573 (2022) (holding that the Government is not required to offer bond hearings after six months of detention to noncitizens held beyond the 90-day removal period set by §1231).

**c. Merits**

Petitioner argues that his detention has become unlawfully prolonged and that he, therefore, should be released from custody. When an immigration detainee has been given a final order of removal, his detention is governed by 8 U.S.C. §1231. Under the statute, the Government "shall remove the alien from the United States within a period of 90 days." 8 U.S.C. §1231(a)(1)(A). This ninety day "removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final[;] (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order[;] (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. §1231(a)(1)(B).

In *Zadvydas v. Davis*, the Supreme Court held that the Government may not detain aliens indefinitely following a final order of removal. 533 U.S. 678, 689 (2001). Indeed, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. However, the Court "doubt[ed] that when Congress shortened the removal period to 90 days in 1996 it believed that all reasonably foreseeable removals could be accomplished in that time." *Id.* at 701. Accordingly, the Court reasoned that detention for up to six months following a final order of removal is "presumptively reasonable." *Id.*

"After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Further, "for detention to remain reasonable, as the period of prior postremoval grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months." *Id.* at 701.

Petitioner was ordered removed on October 8, 2025, and waived his ability to appeal. (Doc. 7-6). Therefore, his order of removal became final on the same day. *See* 8 C.F.R. §1241.1(b) ("An order of removal made by the

immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . [u]pon waiver of appeal by the respondent.”). Petitioner filed his renewed petition on October 14, 2026—over one year after his order of removal became final. (Doc. 1). *See Zadvydas*, 533 U.S. at 701. Petitioner’s detention has become unreasonably prolonged because it far exceeds the presumptively reasonable six-month period. *Id.*

The question therefore becomes whether Petitioner has sustained his burden of providing good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. The caselaw is clear that Petitioner must do more than simply note the time period—he must explain the rational belief that there is no chance of his release in the foreseeable future. *See Zadvydas*, 533 U.S. at 701. Petitioner has made such a showing. At the outset, Petitioner renews his petition after multiple months of unchanged circumstances. (Doc. 1 at 3). Moreover, Petitioner aptly notes that the Government’s blanket assertion that it is “working to repatriate” stateless Ukrainians—the same blanket assertion it made while litigating the last petition (No. 3:26-CV-966, Doc. 8 at 10)—is evidence of a lack of likelihood of removal in the reasonably foreseeable future. (Docs. 1 at 5, 8 at 2).

The burden shifts to the Government to show that Petitioner's removal is nonetheless likely in the reasonably foreseeable future. Courts within this district have found that the Government sufficiently rebutted a petitioner by showing that it had made efforts at completing the petitioner's removal, maintained contact with the relevant embassy, and requested updates on travel documents. *See e.g., Appiah v. Lowe*, No.3:25-CV-2222, 2025 WL 510974, at *4 (M.D.Pa. Feb. 14, 2025).

Here, the Government has failed its obligation on all fronts as it has not provided a scintilla of evidence, beyond a virtually identical boilerplate declaration from Deportation Officer Matthew Felton, showing it has made any tangible effort in identifying a third country to effectuate Petitioner's removal. (Doc. 7-2).[1] The declaration avers:

---

[1] Sadly, the Government did not address Petitioner's claim that it has not made meaningful efforts to effectuate his removal since this Court's July 14, 2026 Order. (Doc. 1 at 3). What is more, the Government submitted a response to the renewed petition that is virtually identical in substance to its response to the original petition. The renewal of the petition warranted a response addressing the matters raised therein—not a regurgitation of prior arguments. Unfortunately, it has become common procedure for the Government to fail in meeting petitioners' due process allegations with the attention, detail, and explanation the Constitution and law require.

> To date, ICE is working to identify an appropriate third country to effectuate [Petitioner]'s removal . . . As the U.S. Department of State is working to repatriate "stateless Ukranians" such as [Petitioner], and [Petitioner] has in the alternative been identified as a candidate for third country removal, [Petitioner]'s removal is significantly likely in the reasonably foreseeable future.

*Id.*, ¶¶24-25; *see also* (3:26-CV-966, Doc. 8-1, ¶22). This renewed affidavit is insufficient for demonstrating any ongoing effort to effectuate Petitioner's removal. *See Doe v. Oddo*, No. 3:25-CV-00353, 2026 WL 873011, at *3 (W.D.Pa. Mar. 30, 2026) ("The only evidence proffered by the Government is its unsuccessful efforts to locate a third country...[t]his evidence falls far short of rebutting [p]etitioner's showing."); *see also Ebeid v. Warden of the Moshannon Valley Processing Ctr.,* No. 25-CV-411J, 2026 WL 292179, at *3 (W.D.Pa. Feb. 4, 2026) ("[T]here is no indication on the record that Petitioner has any ties to any third country, or that any third country otherwise has expressed a wil[ling]ness to accept him, or has begun preparing travel documents.").

Moreover, Petitioner correctly points out that the Government has not shown that it has as much as even contacted a third country regarding his removal. (Doc. 1 at 5). For these reasons, the Court finds that the Government's response lacks credence, and it has not maintained efforts to

ensure that Petitioner is deported in the reasonably foreseeable future; thus, the Court is compelled to accordingly grant the instant petition.

**d. Remedy**

As a remedy, Petitioner seeks his immediate release from custody. (Doc. 8 at 3). The Supreme Court has instructed that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 699-700. "In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* While the Court is concerned with Petitioner's criminal record, it notes that the record is limited to non-violent offenses. Nonetheless, the Court is bound by the instructions set forth in *Zadvydas*. *Id.* Thus, the Court will order Respondent to release Petitioner from custody and subject him to the terms of supervision outlined in 8 U.S.C. §1231(a)(3). *See Wazir v. Att'y Gen. U.S.*, 2026 WL 1122610, at *4 (M.D. Pa. Apr. 24, 2026) (ordering release for a petitioner with a criminal record of multiple sex offenses, and finding that, per *Zadvydas*'s framework, petitioner "shall be subject to the terms of supervision in 8 U.S.C. §1231(a)(3) and attendant regulations.").

## IV. CONCLUSION

The Court finds that the Government has failed its responsibility to maintain efforts to ensure that Petitioner is deported in the reasonably foreseeable future. For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. §2241 will be **GRANTED**. Respondent will be ordered to release Petitioner from custody and subject him to the terms of supervision outlined in 8 U.S.C. §1231(a)(3). Respondent will also be required to submit an affidavit, pursuant to 28 U.S.C. §1746, confirming Petitioner's release. An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 18, 2026**
26-3060-01